14-1520-cv
*Talwar v. Staten Island University Hospital*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand fifteen.

PRESENT:   RALPH K. WINTER,
                    DEBRA ANN LIVINGSTON,
                    DENNY CHIN,

                              *Circuit Judges*.

_____

JOTICA TALWAR,

             *Plaintiff-Appellant*,

                    v.                                          No. 14-1520-cv

STATEN ISLAND UNIVERSITY HOSPITAL,
ANTHONY C. FERRERI, HENRY SIMPKINS,

             *Defendants-Appellees*.

_____

FOR APPELLANT:          ANN B. MACADANGDANG, Alan G. Serrins, Serrins Fisher LLP, New York, NY.

FOR APPELLEES:          JOHN F. FULLERTON III, Steven M. Swirsky, Epstein, Becker & Green, P.C., New York, NY.

_____

Appeal from the United States District Court for the Eastern District of New York

(Amon, *C.J.*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for consideration of Plaintiff-Appellant's city law claims and for entry of summary judgment in favor of Appellees as to Plaintiff-Appellant's New York State Human Rights Law claims.

Plaintiff-Appellant Dr. Jotica Talwar ("Talwar") appeals from a judgment of the district court granting her former employer, Staten Island University Hospital (the "Hospital"), and two Hospital officials, Anthony C. Ferreri and Henry Simpkins (collectively, "Appellees") summary judgment in their favor on Talwar's federal discrimination and retaliation claims, brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e-2 *et seq.* ("Title VII"), 29 U.S.C. § 206(d)(1) (the "Equal Pay Act"), and 42 U.S.C. § 2000e-5(e)(3) ("the Lilly Ledbetter Fair Pay Act"), and Talwar's equal pay claim brought pursuant to New York Labor Law § 194, and declining to exercise supplemental jurisdiction over Talwar's remaining state and city claims, brought pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a), (7) ("NYCHRL"). We review orders granting summary judgment *de novo*, resolving all factual ambiguities and drawing all reasonable factual inferences in favor of the non-moving party. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate only if the moving party can show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

*        *        *

Talwar challenges the dismissal of her Title VII national-origin discrimination and gender discrimination claims, as well as her 42 U.S.C. § 1981 alienage discrimination claim, all

2

of which are analyzed under the same standards. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). To establish a prima facie case of Title VII employment discrimination, a plaintiff must show that (1) she is a member of a protected class (2) who was qualified for the position she held, and (3) suffered an adverse employment action (4) under circumstances creating an inference of discrimination. *Id.* at 491-92. If the plaintiff succeeds in stating a prima facie case, the burden shifts to the defendant to offer a "legitimate nondiscriminatory reason" for its actions. *Id.* at 492. In this case, however, Talwar's efforts to establish a prima facie case were unsuccessful. Although we will assume that Talwar had produced sufficient evidence to go to a trier of fact as to whether she was a member of a protected class as to all three claims, was qualified for her position, and suffered an adverse employment action,[1] she failed to introduce facts that would give rise to an inference of discrimination. Summary judgment was thus appropriately granted on these claims.

Talwar also brought a retaliation claim under Title VII, alleging that the termination clause was inserted into her contract only after she complained that female attending pathologists were being paid less than male attending pathologists. Talwar is correct to the extent that she suffered adverse employment action only after she complained about being paid less than another attending pathologist. To establish a prima facie case of retaliation, however, Talwar must allege that Appellees were on notice that Talwar's complaints were about gender discrimination, not just general unsatisfactory or unfair conduct. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15, 17 (2d Cir. 2013) (per curiam) (holding that

---

[1] Talwar knew that the Hospital wanted her to obtain an unlimited medical license long before the Hospital amended her contract in September 2009, setting a three-month deadline. She further admits that she had informed the Hospital more than a year earlier that she was working on obtaining permanent resident status. However, we need not decide whether the letter setting the deadline was sufficient to constitute an adverse employment decision.

3

complaint is not protected from retaliation under Title VII "if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory"). While there are no "magic words" that a plaintiff must use to complain of discrimination under Title VII, *see Krasner v. HSH Nordbank AG*, 680 F. Supp. 2d 502, 521 (S.D.N.Y. 2010), in this case, we agree with the district court that Talwar's proof was insufficient to meet Title VII's standards. Accordingly, we conclude that summary judgment was properly granted as to her Title VII retaliation claims.

Talwar also asserted pay discrimination claims under Title VII, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act, and New York Labor Law § 194, alleging that she was paid less than one of her male coworkers because of her gender. Under the Equal Pay Act,[2] a plaintiff must show that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions. *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001). Talwar's claim fails at the first step – male attending pathologists were not, as a group, paid more than female attending pathologists. Two male attending pathologists on staff in 2007 and 2008—Dr. Petrov and Dr. Xiao—earned substantially less than Talwar, and even Dr. Kong, who was hired in 2008 and was paid more than Talwar, was paid less than another female attending pathologist, Dr. Lazzaro. *Talwar v. Staten Island Univ. Hosp.*,

---

[2] An equal pay claim under New York Labor Law § 194 "is analyzed under the same standards applicable to the federal Equal Pay Act." *Pfeiffer v. Lewis Cnty.*, 308 F. Supp. 2d 88, 98 n.8 (N.D.N.Y. 2004). An equal pay claim under Title VII is analyzed under the same standards as an Equal Pay Act claim, except that, in addition to establishing the elements of an Equal Pay Act claim, a plaintiff must produce evidence of discriminatory animus. *Belfi v. Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999). Talwar's three equal pay claims will thus be analyzed under the same approach. The Lilly Ledbetter Fair Pay Act does not provide a separate theory of recovery, but instead establishes background rules for timing and damages in equal pay claims brought under other statutes. *See* 42 U.S.C. § 2000e-5(e)(3).

2014 WL 5784626, at *11 (E.D.N.Y. Mar. 31, 2014). Summary judgment was thus appropriate on Talwar's Equal Pay Act claim, New York Labor Law § 194 claim, and Title VII pay discrimination claim.

Having disposed of Talwar's federal claims, the district court "decline[d] to exercise supplemental jurisdiction over her remaining state law discrimination and retaliation claims," apparently in the belief that its jurisdiction over this case was based only on federal question jurisdiction, not diversity jurisdiction. *Id.* at *12. This was incorrect. As the parties correctly assert, Talwar's complaint alleged and Appellees' answer agreed that Talwar is a resident of New Jersey, Appellees are residents of New York, and the amount in controversy exceeded $75,000. With the diversity and amount-in-controversy requirements satisfied, the district court had original jurisdiction over all of Talwar's claims, state or federal. *See* 28 U.S.C. § 1332(a)(1).

Because the district court erred, we must now decide whether to remand Talwar's state and city claims for determination by the district court on the merits or—if the record presents no genuine issue as to any material fact—to resolve them on appeal. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co.*, 93 F.3d 1064, 1072 (2d Cir. 1996) ("An appellate court has the power to decide cases on appeal if the facts in the record adequately support the proper result." (internal quotation marks omitted)). As to the New York State Human Rights Law claims, this question is easily answered. "Employment discrimination claims brought under the NYSHRL are analyzed identically to claims under . . . Title VII," and thus the outcome of Talwar's NYSHRL discrimination claims must necessarily be the same as the outcome of her Title VII claims. *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 316 n.2 (2d Cir. 1999). Because we have affirmed the district court's grant of summary judgment to Appellees on Talwar's Title VII claims, the same result is dictated as a matter of law for her state law claims. Accordingly, we remand to the district court with instructions to enter summary judgment in

5

favor of Appellees as to Talwar's state claims. *See Chase Manhattan Bank, N.A.*, 93 F.3d at 1072.

Talwar's New York City Human Rights Law ("NYCHRL") claims cannot be resolved in the same way, since "courts must analyze NYCHRL claims separately and independently from any federal and state law claims," and "even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Because the district court did not have the opportunity to conduct such a "separate[] and independent[]" analysis of Talwar's city law claims, and because we think it appropriate that such an analysis be conducted in the first instance by the district court, we remand Talwar's NYCHRL claims to the district court for consideration under the proper standard. *See id.*

We have considered all of the remaining arguments raised by Plaintiff-Appellant and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's March 31, 2014 judgment as to Talwar's federal and New York Labor Law § 194 claims, **VACATE** the dismissal of Talwar's state and city discrimination and retaliation claims for lack of original subject matter jurisdiction, and **REMAND** to the district court for consideration of Talwar's NYCHRL claims on the merits and for entry of summary judgment in favor of Appellees as to Talwar's NYSHRL claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
