16-0478-cv
*Chiaramonte v. The Animal Med. Ctr., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of January, two thousand seventeen.

PRESENT:
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

---

DEIRDRE CHIARAMONTE,

        *Plaintiff-Appellant,*

      v.
                                    16-0478-cv

THE ANIMAL MEDICAL CENTER,
KATHRYN COYNE,

        *Defendants-Appellees.*

---

For Plaintiff-Appellant:            ANNE CLARK, (Anne C. Vladeck and Ming-Qi Chu, *on the brief*), Vladeck, Raskin & Clark, P.C., New York, NY.

For Defendants-Appellees:                    LOUIS P. DILORENZO, (Michael P. Collins, *on the brief*), Bond, Schoeneck & King, PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Deirdre Chiaramonte appeals the decision of the district court granting summary judgment in favor of Defendants-Appellees the Animal Medical Center and its Chief Executive Officer Kathryn Coyne [hereinafter AMC], dismissing Chiaramonte's claims under the Equal Pay Act, 29 U.S.C. § 206(d)(1) [hereinafter the EPA], and New York Labor Law, N.Y. Lab. Law § 194 [hereinafter the NYLL],[1] as well as her pendent state-law claims. Chiaramonte asserts on appeal that the district court erred in concluding that she had not made out a *prima facie* case for discrimination under the EPA because she had failed to demonstrate that she performed work substantially equal to that of her better-paid colleagues. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews grants of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co. Inc.*, 583 F.3d 92, 96 (2d Cir. 2009). We will affirm a grant of summary judgment "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Id.* (omission in original) (quoting Fed. R. Civ. P. 56(c)). "[A] party opposing a properly supported motion for summary judgment may not rest upon the

---

[1] "An equal pay claim under New York Labor Law § 194 is analyzed under the same standards applicable to the federal Equal Pay Act." *Talwar v. Staten Island Univ. Hosp.*, 610 F. App'x 28, 29 n.2 (2d Cir. 2015) (summary order) (internal quotation marks and citations omitted).

2

mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S, 242, 248 (1986) (internal quotation marks, citations, and alterations omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.").

"[T]o prove a violation of the EPA, a plaintiff must demonstrate that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254–55 (2d Cir. 2014) (internal quotation marks, citations, and alterations omitted). Critical to an EPA claim is the equal work inquiry, which requires evidence "that the jobs compared are 'substantially equal.'" *Id.* at 255. "Substantially equal" does not mean "identical." *Id.*

"To satisfy this standard, a plaintiff must establish that the jobs compared entail *common duties or content, and do not simply overlap in titles or classifications.*" *Id.* (emphasis added). "[A] successful EPA claim depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice." *Id.* at 256; *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir. 1995) (stating that the central concern of an EPA claim is "job content and not job title or description"), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). Because Chiaramonte has not demonstrated that her claims amount to more than mere generalizations drawn from job titles and divisions, the district court properly granted summary judgment in favor of AMC.

Chiaramonte contends that she has sufficiently established that her better-paid male colleagues perform substantially equal work because they are all department heads with similar credentials and significant responsibilities. She also claims that the district court erred in concluding

3

that veterinarians in different specializations were improper comparators. Despite the fact that her position as the Director of the President's Council and Rehabilitation Center shared some common characteristics, such as administrative responsibilities, with the positions of her male co-workers, Chiaramonte overlooks the material differences in the congruity of job content.

Chiraramonte's responsibilities as the Director of the President's Council entailed primarily public-relations-type duties as well as primary care. She performed basic treatments—parallel to those performed by a general practitioner—and would refer patients to specialists if necessary. Similarly, the overwhelming majority of Chiaramonte's work at the Rehab Center could be performed by technicians and aides. By contrast, Chiaramonte's better-paid male colleagues practiced in specialized areas of veterinarian medicine and performed complex procedures. Unlike the alleged comparators, Chiaramonte was not responsible for supervising interns or other veterinarians, and she contributed little if any scholarly research. Moreover, Chiaramonte carried a low patient load, seeing only one to three patients a day. Although she did perform some rehabilitation treatments at the Rehabilitation Center, she could go months without treating patients. Some of her better-paid male colleagues, on the other hand, treated up to 15 patients a day.

As aptly noted by the district court, Chiaramonte's efforts to draw comparisons between her positions and those of her five co-workers "miss the mark because they essentially require the [c]ourt to embrace the principle that the work of all veterinarians is equivalent, thereby ignoring distinctions among the different specialties in veterinarian medicine." S. App'x at 28. That basis for demonstrating equal work has been expressly foreclosed by this Court. *See Port Auth.*, 768 F.3d at 255. The focus of the equal work inquiry is "on the congruity and equality of actual job content between the plaintiff and comparator." *Id.* The fact that Chiaramonte and the alleged comparators are department heads whose positions share some common responsibilities is insufficient to demonstrate substantially equal work in light of the drastic differences in job content—that is, the

4

differences in specialties, patient loads, supervision, teaching, and research contributions. *See, e.g.,* *Fisher v. Vassar College*, 70 F.3d 1420, 1452 (2d Cir. 1995) (reversing judgment in favor of plaintiff asserting an EPA claim because—although she and her better-paid male co-worker were both college professors—the plaintiff "never introduced evidence establishing that she and [her co-worker] performed equivalent work"), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); *see also Byrne v. Telesector Res. Grp., Inc.*, 339 F. App'x 13, 16 (2d Cir. 2009) (summary order) (affirming summary judgment in favor of defendant, notwithstanding that plaintiff and higher-paid male co-workers had same job title, because "[f]or purposes of an equal pay claim . . . a finding of substantial equality must be based on actual job content"). Other than the broad generalizations drawn from the fact that the alleged comparators are department heads and veterinarians, their work content is simply not equivalent to that of Chiaramonte.[2]

Chiaramonte contends that the district court erred in failing to consider "across-the-board discriminatory pay" among veterinarians at AMC. Appellant's Br. at 56; Reply at 23. Whether other female veterinarians are paid less than male veterinarians, without more, cannot suffice to establish that, because of sex alone, Chiaramonte was indeed paid less than males who performed substantially equal work. Relying on *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476 (2d Cir. 2001), Chiaramonte asserts that this Court may consider evidence of "company-wide" pay discrimination if she has identified a male comparator. Appellant's Br. at 57. *Lavin-McEleney* does not stand for such a general principle. There, we held "that statistical evidence of a gender-based salary disparity among comparable professors properly contributed to plaintiff's case *in conjunction with her identification of a specific male comparator.*" *Lavin-McEleney*, 239 F.3d at 481 (emphasis added). In particular, we

---

[2] Because the district court properly granted summary judgment, dismissing Chiaramonte's federal claims, it likewise appropriately declined to exercise supplemental jurisdiction over Chiaramonte's remaining state-law claims. *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) ("[W]hen the federal claims are dismissed the 'state claims should be dismissed as well.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966))).

concluded that, after identifying a specific male comparator, it was proper for the plaintiff to introduce a statistical composite of male faculty members, based on an expert witness's regression analysis. *Id.* at 481–82. In calculating the composite, the expert used "the entire Marist faculty to establish a sufficiently large sample size, extrapolating from professors who did not compare to plaintiff across all five variables to predict what a male professor who would have so compared typically would have been paid." *Id.*

Here, in stark contrast, not only has Chiaramonte failed to identify a male veterinarian that performs substantially equal work, but the "statistics" she seeks to offer are "basically a roll call of [veterinarians] and salaries, with no effort made to explain what each [veterinarian] did." S. App'x at 3 n.1. The *Lavin-McEleney* Court did not suggest that an EPA plaintiff could make out a *prima facie* case of discrimination by virtue of generic evidence of pay disparities between males and females in a given company. The district court, therefore, properly declined to consider Chiaramonte's proposed "statistical" evidence of pay discrimination at AMC.

Finally, Chiaramonte argues that the district court improperly relied on Dr. Goldstein's affidavit in determining what constituted "substantially equal" work because Dr. Goldstein is an "interested witness" that the "jury is not required to believe." Reply at 27–28; *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). This may be true to the extent that it is the function of the jury to weigh evidence, make credibility determinations, and draw factual inferences. *See In re Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009). That an "interested witness" has testified regarding a certain issue, however, does not in and of itself raise a genuine issue of material fact. *Cf. Anderson*, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [her] pleading, but must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks, citations, and alterations omitted)).

6

Because Dr. Goldstein's testimony on which the district court relied is uncontradicted and unimpeached, the court properly relied on it in granting AMC's motion.

We have considered all of Chiaramonte's remaining arguments on appeal and find them to be without merit. Accordingly, and for all the foregoing reasons, the district court's decision granting AMC's summary judgment motion is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk