19-2209-cv
*Wu v. GSHMC, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:   AMALYA L. KEARSE,
           JOHN M. WALKER, JR.,
           JOSÉ A. CABRANES,
                    *Circuit Judges.*

_____

SERENA WU,

                    *Plaintiff-Appellant,*                    19-2209-cv

                    v.

GOOD SAMARITAN HOSPITAL MEDICAL CENTER,
CATHOLIC HEALTH SERVICES OF LONG ISLAND,
MADONNA PERINATAL SERVICES, BENJAMIN
SCHWARTZ, and JONATHAN GOLDSTEIN,

                    *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | DEBORAH N. MISIR, Lally & Misir, LLP, Mineola, NY. |
| **FOR DEFENDANTS-APPELLEES:** | CHRISTOPHER J. MORO, Christopher G. Gegwich, *on the brief*, Nixon Peabody, LLP, Jericho, NY, *for* Good Samaritan Hospital Medical Center, Catholic Health Services of Long Island, and Benjamin Schwartz. |

ADAM FRANCOIS WATKINS, Watkins Bradley LLP, New York, NY; and Andrew Cooper, Mohen Cooper LLC, Woodbury, NY, *on the brief; for* Madonna Perinatal Services and Jonathan Goldstein.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*); (Arlene R. Lindsay, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Serena Wu ("Plaintiff") appeals from a July 3, 2019 judgment and July 2, 2109 order of the District Court granting, as to all nineteen claims,[1] the motions to dismiss under Fed. R. Civ. P. 12(b)(6) of Defendants-Appellees Good Samaritan Hospital Medical Center ("Hospital"), Catholic Health Services of Long Island ("CHS"), Benjamin Schwartz (jointly, the "Hospital Defendants"), Madonna Perinatal Services ("Madonna"), and Jonathan Goldstein (jointly, the "Madonna Defendants"), in an action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981; the Equal Pay Act, 29 U.S.C. §§ 206 *et seq.* ("EPA"); New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL"); and N.Y. Lab. Law § 215(1)(a) ("NYLL").[2] We affirm the judgment of the District Court dismissing

---

[1] Because Plaintiff has voluntarily withdrawn her claim for negligent infliction of emotional distress (Count Nineteen), *see* Plaintiff's Brief at 35, we do not consider that claim on appeal.

[2] Specifically, Plaintiff brings the following nineteen claims: unlawful discharge due to discrimination based on race, national origin and sex in violation of Title VII against the Hospital Defendants (Count One); unlawful discharge due to intentional discrimination based on race in violation of 42 U.S.C. § 1981 against the Hospital Defendants (Count Two); unlawful discharge due to discrimination based on race, national origin, and sex in violation of the NYSHRL against the Hospital Defendants (Count Three); retaliation in violation of Title VII against the Hospital Defendants (Count Four); retaliation in violation of NYSHRL § 296 against the Hospital Defendants (Count Five); unlawful retaliation in violation of NYLL § 215(1)(a) against the Hospital Defendants (Count Six); failure to hire due to discrimination based on race, national origin and sex in violation of Title VII against all Defendants (Count Seven); failure to hire based on race in violation of Section 1981 against all Defendants (Count Eight); failure to hire due to discrimination based on race, national origin and sex in violation of NYSHRL against all Defendants (Count Nine); creation of a hostile work environment due to discrimination based on race, national origin and sex in violation of Title VII against the Hospital Defendants (Count Ten); discrimination in wages based on sex in violation of the EPA against all Defendants (Count Eleven); discrimination in wages based on sex in violation of Title VII against all Defendants (Count Twelve); discrimination in wages based on sex in violation of NYSHRL against all Defendants (Count Thirteen); discrimination in wages based on sex in violation of NYLL § 194 against all Defendants (Count Fourteen); breach of

all of Plaintiff's claims.[3] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.

We begin our discussion by addressing those claims for which we need not reach the merits.

First, we affirm the District Court's dismissal of all of Plaintiff's Title VII claims as time barred. Before an individual is permitted to bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC, and "the claimant must make the EEOC filing within 300 days of the alleged discriminatory conduct." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). The parties here spill much ink over when, for the purposes of this 300-day window, Plaintiff filed her EEOC complaint. Apparently, the issue presented—whether the charge is "filed" on the date that the plaintiff faxes the complaint to the EEOC or on the date that the EEOC officially stamps the complaint "received"—is an issue of first impression in this Circuit. We need not, however, decide the issue. Assuming, *arguendo*, that Plaintiff is correct, and her complaint was filed with the EEOC when faxed on June 14, 2016, that places the 300-day cutoff date at August 19, 2015. Although plaintiff's employment at the Hospital ended on August 19, 2015, she received her notice of termination on May 15, 2015, and her claims accrued on that date. *See Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980)) ("It has long been settled that a claim of employment discrimination accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct."). Because Plaintiff's claims accrued well outside the limitations window for a complaint filed on June 14, we conclude that the District Court properly dismissed every Title VII claim as untimely.

Second, we affirm the judgment of the District Court dismissing Plaintiff's claims for breach of contract (Count Fifteen), fraud (Count Seventeen), and intentional infliction of emotional distress

---

contract against the Hospital Defendants (Count Fifteen); breach of the implied covenant of good faith and fair dealing against the Hospital Defendants (Count Sixteen); fraud and misrepresentation against all Defendants (Count Seventeen); intentional infliction of emotional distress against all Defendants (Count Eighteen); and negligent infliction of emotional distress against all Defendants (Count Nineteen).

[3] By Order dated April 2, 2018, Judge Feuerstein referred Defendants' motions to dismiss to Magistrate Judge Arlene R. Lindsay for a report and recommendation. Magistrate Judge Lindsay's Report and Recommendation (the "R&R") was issued on March 8, 2019 and recommended dismissal of all nineteen claims. By order entered July 2, 2019, the District Court accepted the majority of the R&R, rejected its recommendations on the NYLL claim, but nevertheless dismissed all nineteen claims.

(Count Eighteen), because we conclude that Plaintiff waived further judicial review of those claims. The Federal Rules of Civil Procedure provide that "[w]ithin 14 days after being served with a copy of [a magistrate's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). "Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002).

Magistrate Judge Lindsay's Report and Recommendation (the "R&R") gave clear notice to the parties of the consequences of their failure to file proper objections. *Wu v. Good Samaritan Hospital Medical Center*, 2019 WL 4364440 at *16 (E.D.N.Y. Mar. 8, 2019). In her timely written objection to the R&R, Plaintiff made specific objections to some, but not all, of the R&R's findings and conclusions. For that which was not specifically objected to, Plaintiff wrote that she "respectfully rel[ies] upon and incorporate[s] [her] previously filed Amended Complaint and Opposition to Defendants' Motion to Dismiss in responding to this Report and Recommendation, and in respectfully submitting that the Court should reject this Report." Joint Appendix ("JA") at 261. We have previously observed that such a general catchall is insufficient to avoid waiver. *Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)."). Because Plaintiff did not make adequate objections regarding Counts Fifteen, Seventeen, and Eighteen, we conclude that Plaintiff waived any further judicial review of those claims and affirm the judgment of the District Court dismissing them.

## II.

We turn now to consider the sufficiency of Plaintiff's remaining claims. We review a district court's dismissal under Fed. R. Civ. P. Rule 12(b)(6) *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the Plaintiff's favor. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).

## A.

We begin by affirming dismissal of all of Plaintiff's employment discrimination claims that are governed by the pleading standard articulated in *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015).[4]

---

[4] This Title VII framework for employment discrimination claims also applies to the claims brought under Section 1981, *Littlejohn*, 795 F.3d at 312, and the NYSHRL, *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).

In *Littlejohn*, we clarified what a plaintiff must plead in an employment discrimination case to state a claim upon which relief may be granted. We concluded that "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* at 311.

"An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Id.* at 312 (internal quotation marks omitted). We further noted that the "facts required by *Iqbal* to be alleged in the complaint need . . . only give plausible support to a minimal inference of discriminatory motivation." *Id.* at 311.

For the reasons explained by the R&R and adopted by the District Court, we affirm that Plaintiff failed to sufficiently plead facts that support a minimal inference of discriminatory motivation and nudge her discrimination claims "across the line from conceivable to plausible." *Vega*, 801 F.3d at 86. Plaintiff has not alleged any facts indicating, either directly or by inference, that any of the adverse employment actions taken by either set of defendants were on the basis of her race, national origin, or gender. Accordingly, dismissal was proper for Counts Two, Three, Eight, Nine, and Thirteen.

## B.

We next address Plaintiff's wage discrimination claims brought under the EPA and NYLL, and conclude her arguments are without merit.

In order to ultimately prove a violation of the EPA or NYLL § 194,[5] "a plaintiff must demonstrate that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254–55 (2d Cir. 2014) (internal quotation marks and brackets omitted). Accordingly, at the pleading stage, "a plausible EPA claim must include sufficient factual matter,

---

[5] "An equal pay claim under New York Labor Law § 194 is analyzed under the same standards applicable to the federal Equal Pay Act." *Chiaramonte v. Animal Med. Ctr.*, 677 F. App'x 689, 690 n.1 (2d Cir. 2017) (summary order) (quoting *Talwar v. Staten Island Univ. Hosp.*, 610 Fed. App'x. 28, 29 n.2 (2d Cir. 2015) (summary order)).

accepted as true to permit the reasonable inference that the relevant employees' job *content* was substantially equal." *Id.* at 256 (emphasis in original) (internal quotation marks omitted).

Although Plaintiff alleges on information and belief that the Hospital and Madonna Defendants paid or offered her less than they paid or offered similarly situated male employees, she has not alleged anything about her actual job duties or the actual job duties of her putative comparators. Accordingly, her allegations fall short of the pleading standard we impose on EPA claims. *See E.E.O.C.*, 768 F.3d at 257 (dismissing EPA claim where "bland abstractions—untethered from allegations regarding . . . *actual* job duties—say nothing about whether the attorneys were required to perform 'substantially equal' work") (emphasis in original). Accordingly, we affirm the dismissal of Plaintiff's EPA and NYLL wage discrimination claims, Counts Eleven and Fourteen.

C.

Against the Hospital Defendants, Plaintiff alleges violations of the NYSHRL for unlawful retaliation. The District Court dismissed this claim, concluding that Plaintiff failed to allege that she was retaliated against for engaging in protected activity. We agree.

The NYSHRL makes it unlawful for "any employer . . . to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article." N.Y. Exec. Law § 296(1)(e) (McKinney). Plaintiff's state-law retaliation claim under Section 296 is subject to the same analysis as a federal Title VII retaliation claim. *McMenemy v. City of Rochester*, 241 F.3d 279, 283 n.1 (2d Cir. 2001); *Wimmer v. Suffolk Cty. Police Dep't*, 176 F.3d 125, 128 n.1 (2d Cir. 1999). "To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 315–16 (internal quotation marks omitted). As with the employment discrimination claims discussed above, Plaintiff's allegations need only give "plausible support to the reduced *prima facie* requirements that arise under *McDonnell Douglas* in the initial phase of a Title VII litigation." *Id.*

Our focus here is on the first element—protected activity. Formal and informal complaints of discriminatory employment practices can constitute protected activity. *Id.* at 318. Moreover, "the employment practices opposed by the plaintiff need not have actually amounted to a violation of Title VII[;] . . . [r]ather, the plaintiff must have had a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *McMenemy*, 241 F.3d at 283 (internal citation and quotation marks omitted).

Plaintiff alleges that while employed by the Hospital, she complained to Hospital administrators and human resource offices about Dr. Joseph Livoti's "discriminatory harassment,

6

and sexist berating behavior towards her." Amended Complaint ¶ 116. She further alleges that because of this complaint, the Hospital investigated her patient notes, told Plaintiff she was unprofessional for reporting Dr. Livoti's behavior, and ultimately terminated her.

The District Court held that because the complaint alleges that Dr. Livoti was a private-practice physician with privileges at the Hospital, not a Hospital employee, Plaintiff's complaint was not made regarding any *employer's* practice and was thus was not protected activity under the statute. Indeed, in her objection to the R&R, Plaintiff conceded that she was not alleging that Dr. Livoti's behavior was itself an "employment practice" of the Hospital Defendants. JA 258. Rather, Plaintiff challenges the *Hospital's* conduct in response to her complaint. This argument is without merit. To the extent that Plaintiff is arguing that the *Hospital's response* to Plaintiff's complaint against Dr. Livoti constitutes the relevant discriminatory employment practice, Plaintiff's claim fails for a simple reason: she has not alleged that she in any way—formally or informally—complained of or opposed *the Hospital's* allegedly discriminatory practice following her complaint of Dr. Livoti.

D.

Against the Hospital Defendants, Plaintiff alleges violations of the NYLL § 215 for unlawful retaliation. We affirm the dismissal of this claim.

Section 215 prohibits an employer from in any manner discriminating or retaliating against "any employee . . . because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter." N.Y. Lab. Law § 215 (McKinney). In support of this claim, Plaintiff also cites Section 740 of the NYLL, which provides in relevant part that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee . . . discloses . . . to a supervisor . . . an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety." N.Y. Lab. Law § 740(2)(a) (McKinney).

Plaintiff has failed to adequately plead causation and thus does not state a violation of § 215. Plaintiff's lone allegation that she "complained that she was being treated unfairly as . . . a whistleblower with regard to another doctor's negligence and malpractice"—without stating to whom, or how, or when such complaint was made—is not sufficient to allege that she made these complaints to the Hospital or that the Hospital otherwise knew of her complaint of a Section 740 violation. N.Y. Lab. Law § 215 (McKinney); *see also Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (noting that to establish a *prima facie* claim of retaliation, plaintiff must show "a causal connection between the protected activity and the adverse employment action") (internal quotation marks omitted).

7

E.

We affirm the District Court's dismissal of Plaintiff's claim against the Hospital Defendants alleging a breach of the implied covenant of good faith and fair dealing ("good faith"). The R&R concluded that the good faith claim should be dismissed because New York law does not recognize a separate cause of action for a good faith claim when a breach of contract claim is also pled based on the same facts. In her written objections to the R&R, Plaintiff's only response was to argue that it was error to dismiss the good-faith-based claim where the breach of contract claim was also dismissed. The District Court rejected that argument. We find no error by the District Court.

For the first time on appeal, Plaintiff now argues that the claims for breach of contract and breach of good faith are based on separate facts and are therefore not duplicative. We decline to consider this argument. *See Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (internal brackets and quotation marks omitted). "While this bar to raising new issues on appeal is not absolute, . . . it may be overcome only when necessary to avoid manifest injustice," *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990), and we see no such necessity here.

## CONCLUSION

We have reviewed all the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 3, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8