16-3085-cv
*Deutsche Bank Securities, Inc. v. Thomas M. Roskos, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of June, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
                    *Circuit Judges.*
          PAUL G. GARDEPHE,
                    *District Judge.*[*]

---

DEUTSCHE BANK SECURITIES INC., JANET SIBLE, MARK WESTHOFF, MICHAEL JACOBY, MARY ANN COLEMAN, MICHAEL RAPHAEL, J. RALPH PARKER, NANCY FAHMY, DB ALEX.BROWN LLC,

   *Plaintiffs-Counter-Defendants-Appellees,*      16-3085-cv

   v.

THOMAS M. ROSKOS, JR., DR. THOMAS ROSKOS, SR., BRION APPLEGATE, EDDY ASLANIAN, TOM JERMOLUK,

   *Defendants-Counter-Claimants-Counter-*
         *Defendants-Appellants,*

VAL VADEN, LILLI J. REY,

---

[*] Judge Paul G. Gardephe of the United States District Court for the Southern District of New York, sitting by designation.

1

*Defendants-Counter-Claimants-Counter-Defendants.*

_____

FOR PLAINTIFFS-COUNTER-DEFENDANTS-APPELLEES:

ALLAN N. TAFFET (Keith Blackman, *on the brief*), Duval & Stachenfeld LLP, New York, NY.

FOR DEFENDANTS-COUNTER-CLAIMAINT-COUNTER-DEFENDANTS-APPELLANTS:

SCOTT HESSELL (Spencer Q. Friel, *on the brief*), Sperling & Slater, P.C., Chicago, IL.

_____

Appeal from the judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-counter-claimants-counter-appellants Thomas M. Roskos, Jr., *et al.* ("Appellants") appeal the August 5, 2016 judgment of the district court, granting summary judgment to Appellees and denying Appellants' cross-motion with respect to all Tax Shelter Participants and permanently enjoining them from proceeding with the FINRA arbitration.[1] *See Thomas M. Roskos, Jr., et al. v. Deutsche Bank Securities Inc., et al.*, FINRA Claim No. 14-03280. On appeal, Appellants assert that the district court erred: (1) in holding that they were not "customers" of the plaintiffs under FINRA Rule 12200 and permanently enjoining the FINRA Arbitration; and (2) in refusing to allow them to obtain additional discovery concerning regarding the "customer" issue. For substantially the reasons set forth in the district court's opinion, we find these claims to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

\*\*\*

We review *de novo* orders granting or denying summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A genuine dispute of material fact exists "where the evidence, viewed in the light most favorable to the nonmoving party, is such that a reasonable jury could decide in that party's favor." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (internal quotation marks omitted). We are required to resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Id.*

_____

[1] Val Vaden and Lilli J. Rey, who were defendants below, are not parties to this appeal. Only the claims brought by Vaden against DB Alex.Brown were allowed to proceed in the FINRA arbitration.

A district court's discovery rulings are reviewed for abuse of discretion. *See Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

## DISCUSSION

First, the district court properly granted summary judgment to Appellees pursuant to Rule 56 of the Federal Rules of Civil Procedure since Appellants are not "customers" under FINRA Rule 12200. In *Citigroup Global Markets Inc. v. Abbar*, 761 F.3d 268, 275 (2d Cir. 2014), we held that a "customer" under FINRA Rule 12200 " is one who, while not a broker or dealer, either (1) purchases a good or service from a FINRA member, or (2) has an account with a FINRA member." *Id.* This "bright-line rule" for determining when a FINRA member must submit to arbitration controls here. Appellants did not purchase a good or service from, nor did they have an account with, either of the Deutsche Bank Entities. Instead, the loan at issue was extended by non-FINRA member, Deutsche Bank AG, and all collateral accounts were held by non-FINRA member, Deutsche Bank Private Bank. Accordingly, the district court appropriately held that the claims are not arbitrable in FINRA.

Second, we also reject Appellants' claim that the district court erred in denying leave to conduct additional discovery. In *Abbar*, we held that "[i]n most cases, th[e] definition of 'customer' can be readily applied to undisputed facts" without the need for substantial discovery. *Abbar*, 761 F.3d at 276. Here, the district court ordered a period of "limited discovery" that included 55,000 pages of documents on the CARDS transactions at issue. In accordance with *Abbar*, no further discovery is necessary to conclude that Appellants are not "customers" under FINRA Rule 12200. We therefore hold that the district court did not abuse its discretion in denying Appellants' request for additional discovery.

## CONCLUSION

We have considered all of the arguments on appeal and found them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk