16-2726-cv
*Adecco USA, Inc. v. Columbia Forest Products, Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand seventeen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

ADECCO USA, INC.,

                *Plaintiff-Appellant,*                          16-2726-cv

                v.

COLUMBIA FOREST PRODUCTS, INC.,

                *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          ALAN J. PIERCE, Hancock Estabrook LLP,
                                      Syracuse, NY (Karl C. Anderson,
                                      Anderson & Eaton, P.C., Rutland, VT, *on
                                      the brief*).

**FOR DEFENDANT-APPELLEE:**           MICHAEL T. GARONE, Schwabe,
                                      Williamson & Wyatt, PC, Portland, OR
                                      (Thomas E. McCormick, McCormick,
                                      Fitzpatrick, Kasper & Burchard, P.C.,
                                      Burlington, VT, *on the brief*).

1

Appeal from a judgment of the United States District Court for the District of Vermont (William K Sessions III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Adecco USA, Inc. ("Adecco"), a temporary staffing agency, appeals from a decision of the District Court granting summary judgment to defendant-appellant Columbia Forest Products, Inc. ("CFP"), a national manufacturer of plywood and veneer. Adecco brought a single breach of contract claim against CFP seeking indemnification from CFP for expenses incurred as a result of an ongoing workers' compensation claim. The parties submitted cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. On July 8, 2016, the District Court granted CFP's motion and denied Adecco's motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In the proceedings below, Adecco relied solely on language in its contract that CFP was "responsible for the supervision and safety of [Adecco] Associates" to support its claim. JA23. On appeal, Adecco now relies on the next sentence in the contract, which states that CFP agrees to "defend and hold [Adecco] harmless" from "the risks of allowing [Adecco] Associates to . . . operate motor vehicles or equipment." *Id.* Adecco argues that the employee in question was injured while operating "equipment," and that, accordingly, the "hold harmless" provision of the contract indemnifies Adecco with respect to the employee's workers' compensation claim. Adecco concedes that it did not argue below that this "hold harmless" clause applied to this case, nor did it argue that the injured employee was operating "equipment."

"[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) (internal quotation marks omitted). This waiver doctrine is prudential, however, and we may exercise discretion to address an issue not raised before the District Court. *Davis v. Shah*, 821 F.3d 231, 246 (2d Cir. 2016). "[T]he circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks and alterations omitted). We are most likely to exercise our discretion, however, "(1) where consideration of the issue is necessary to avoid manifest injustice, or (2) where the issue is purely legal and there is no need for additional fact-finding." *Davis*, 821 F.3d at 246 (internal quotation marks omitted).

Under the circumstances of this case, we decline to consider Adecco's "hold harmless" clause arguments. Adecco offers no reason for its failure to present these arguments to the District Court, but rather blames its trial counsel for "simply miss[ing]" them. Appellant's Reply Br. 15.

Moreover, additional factual development would be necessary to consider Adecco's arguments, and no manifest injustice will result from declining to consider them.

## CONCLUSION

We have reviewed all of the arguments raised by Adecco on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 8, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk