16-1777-cv
*Hockenjos v. MTA Metro-North R.R.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand seventeen.

PRESENT:     AMALYA L. KEARSE,
             GUIDO CALABRESI,
             JOSÉ A. CABRANES,
                     *Circuit Judges.*

---

JOHN HOCKENJOS, JR.,

        *Plaintiff-Appellant,*                    16-1777-cv

        v.

MTA METRO-NORTH RAILROAD,

        *Defendant-Appellee.*[*]

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | GERALD COHEN (Joshua P. Fitch, *on the brief*), Cohen & Fitch LLP, New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | IRA J. LIPTON (Damian R. Cavaleri, Miriam J. Manber, *on the brief*), Hoguet |

---

[*] The Clerk of Court is directed to amend the caption as shown above.

Newman Regal & Kenney, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 18, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant John Hockenjos, Jr., appeals from a May 18, 2016 judgment of the District Court in favor of defendant-appellee MTA Metro-North Railroad ("Metro-North"). The District Court granted summary judgment to Metro-North on Hockenjos's claims of retaliation and interference under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and declined to exercise supplemental jurisdiction over Hockenjos's remaining New York state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review de novo a [district court's] grant of summary judgment under Rule 56 [of the Federal Rules of Civil Procedure], construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). "Summary judgment is required where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 39 (2d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Although the evidence is viewed in favor of the non-moving party, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal alterations and quotation marks omitted). It is insufficient to "rely on conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment. *Id.* (internal quotation marks omitted).

Upon such review, we conclude that the District Court properly granted summary judgment to Metro-North. We affirm the grant of summary judgment to Metro-North on Hockenjos's interference claim for substantially the reasons stated by the District Court. As to Hockenjos's retaliation claim, we agree that he has failed to present evidence that would enable a trier of fact to conclude that Metro-North's reasons for termination were pretextual under the "motivating factor" causation standard.[1] *See Woods v. START Treatment & Recovery Centers, Inc.*, No. 16-1318-cv, 2017 WL 3044628, at *5 (2d Cir. July 19, 2017).

---

[1] On appeal, Hockenjos argues for the first time that his leave in December of 2012 and January of 2013 was FMLA related. We decline to consider this argument. *See Moll v. Telesector Res. Grp., Inc.*,

**CONCLUSION**

We have considered all of Hockenjos's arguments on appeal and find them to be without merit. The May 18, 2016 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

760 F.3d 198, 204 (2d Cir. 2014) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).