Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ISRAEL RODRÍGUEZ RODRÍGUEZ; CARMEN RODRÍGUEZ MARTÍNEZ; LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados<br><br>v.<br><br>HÉCTOR DÁVILA ROMÁN; CRISTINA PIZARRO FERNÁNDEZ; LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelantes | KLAN202400717 | Apelación, procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Núm.: GB2021CV00792<br><br>Sobre: Cobro de Dinero; Incumplimiento de Contrato; Daños por Incumplimiento; Enriquecimiento Injusto |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2024.

Comparecen Héctor Dávila Román ("señor Dávila"), Cristina Pizarro Fernández ("señora Pizarro") y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "matrimonio Dávila-Pizarro" o "Apelantes") mediante un recurso de *Apelación Civil* y solicitan que revoquemos la *Sentencia* dictada el 10 de junio de 2024, notificada el 11 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo ("TPI"). Mediante el referido dictamen, el TPI, de manera sumaria, declaró con lugar la demanda sobre incumplimiento de contrato de opción de compra, presentada por Israel Rodríguez Rodríguez ("señor Rodríguez"), Carmen Rodríguez Martínez ("señora Rodríguez") y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "matrimonio Rodríguez-Rodríguez" o "Apelados"). En consecuencia, ordenó a los Apelantes al pago de $27,500.00, correspondiente a lo

adelantado por los Apelados en concepto de la opción de compra, cantidad que devengará intereses legales a razón de 9.50%, hasta su saldo, así como el pago de $8,000.00, por concepto de honorarios de abogados.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

**I.**

El 3 de noviembre de 2021, el matrimonio Rodríguez-Rodríguez presentó una demanda en cobro de dinero, incumplimiento de contrato, daños por incumplimiento y enriquecimiento injusto en contra del matrimonio Dávila-Pizarro, por la suma total de $27,500.00. Los Apelados alegaron que, en virtud de un contrato de opción de compraventa suscrito el 12 de mayo de 2003, le habían entregado al matrimonio Dávila-Pizarro $2,500.00 para la compra de un solar ubicado en Guaynabo. De igual manera, expresaron que, el 31 de mayo de 2005, las partes firmaron un documento intitulado *Recibo*, a través del cual se certificó que el señor Rodríguez le hizo entrega al señor Dávila de $25,000.00 adicionales como abono a la compra de la propiedad y se sustituyó la opción de compra otorgada en el 2003. Sostuvieron, además, que mediante el *Recibo,* los Apelantes se habían obligado a otorgar la correspondiente escritura de compraventa una vez las facilidades de acceso a la propiedad fueran terminadas. Asimismo, especificaron que, en ese momento, únicamente faltaba asfaltar el acceso al solar. Sin embargo, adujeron que, aun sin asfaltar el terreno y pese al acuerdo entre las partes, el 24 de abril de 2015, el matrimonio Dávila-Pizarro le vendió la propiedad a un tercero. Por todo lo cual, arguyeron que procedía la devolución de la cuantía total de $27,500.00, pagada como parte del contrato de opción de compraventa.

Tras varios trámites procesales, los cuales no son necesarios pormenorizar, el 30 de enero de 2024, el matrimonio Rodríguez-Rodríguez instó una *Moción de Sentencia Sumaria.* En síntesis, señalaron que no existían hechos materiales en controversia que requirieran la celebración

de un juicio en su fondo. Particularmente, expusieron que el matrimonio Dávila-Pizarro incumplió con el contrato de opción de compra al proceder con la compraventa de la propiedad, previo al cumplimiento de la condición suspensiva. En lo aquí pertinente, expresaron que las facilidades de acceso al solar no fueron asfaltadas hasta el año 2022. Los Apelados acompañaron su solicitud con la transcripción de la deposición realizada al señor Dávila y las contestaciones al primer interrogatorio.

Por su parte, el 22 de febrero de 2024, el matrimonio Dávila-Pizarro sometió su *Oposición a Moción de Sentencia Sumaria*. Los Apelantes alegaron que, el documento firmado el 31 de mayo de 2015 no sustituyó la Opción de Compraventa otorgada en el 2003. Así las cosas, sostuvieron que el término dispuesto en la Opción de Compraventa transcurrió sin que los Apelados completaran el negocio jurídico. Junto a su oposición, el matrimonio Dávila-Pizarro acompañó una declaración jurada del señor Dávila y parte de la transcripción de la deposición realizada a este.

El 28 de febrero de 2024, el matrimonio Rodríguez-Rodríguez presentó una *Réplica a Oposición a Moción de Sentencia Sumaria y Solicitud de Eliminación de Affidavit por ser Inadmisible.* En resumidas cuentas, los Apelados expusieron que los Apelantes incumplieron con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, al no exponer hechos incontrovertidos en su oposición a la solicitud de sentencia sumaria. Por otra parte, arguyeron que la declaración jurada del señor Dávila era inadmisible, toda vez que incluía aseveraciones conclusorias, las cuales no fueron sustentadas mediante evidencia.

Luego, el 6 de marzo de 2024, las partes sometieron el *Informe Conferencia con Antelación de Juicio [sic]*. La Conferencia con Antelación a Juicio se celebró el 12 de marzo de 2024.

El 27 de marzo de 2024, el matrimonio Dávila-Pizarro notificó una *Moción Informativa para Todos los Fines Legales y Otros Extremos*, en la cual, con la intención de enmendar una contestación del pliego interrogatorio, presentó dos declaraciones juradas, una del señor Dávila

y otra de Benjamín Guzmán Santa, quien presuntamente supervisó los trabajos de asfalto de la propiedad en el 2006 . El matrimonio Rodríguez-Rodríguez se opuso a la petición de los Apelantes mediante moción presentada el 1 de abril de 2024. Los Apelados arguyeron que la nueva declaración jurada del señor Dávila era un *sham affidavit*, ya que resultaba contradictoria a lo expresado bajo juramento por este en el primer pliego interrogatorio respecto a que el terreno fue asfaltado en el 2022.

Conforme a lo antes expuesto, el 10 de junio de 2024, el TPI emitió una *Sentencia*, notificada el 11 de junio de 2024. Mediante el referido dictamen, el foro primario concluyó que los Apelantes no lograron controvertir los hechos esenciales establecidos por los Apelados. En consecuencia, declaró con lugar la solicitud de sentencia sumaria y condenó al matrimonio Dávila-Pizarro al pago de $27,500.00, cantidad que devengará intereses legales a razón de 9.50%, hasta su saldo. Además, impuso la suma de $8,000.00, por concepto de honorarios de abogado.

Insatisfechos, los Apelantes presentaron una *Moción de Reconsideración* el 24 de junio de 2024, la cual fue denegada mediante *Resolución* notificada el 1 de julio de 2024.

Inconforme aun, el 29 de julio de 2024, el matrimonio Dávila-Pizarro acudió ante esta Curia mediante una *Apelación Civil*. Los Apelantes le imputaron al TPI la comisión de los siguientes errores:

**Erró el Honorable Tribunal de Primera Instancia al dictar sentencia sumaria cuando existen hechos materiales sobre los cuales existe controversia de hechos que imposibilitan el poder dictar sentencia como cuestión de derecho y negarle a la parte demandada su día en corte y la oportunidad de presentar la evidencia correspondiente para defenderse adecuadamente de las alegaciones, que en efecto habían sido presentadas en la oposición a sentencia sumaria.**

**Erró el Honorable Tribunal de Primera Instancia al imponer en su Sentencia honorarios de abogados sin pasar juicio y hacer determinaciones sobre temeridad o friv[o]lidad de los demandados-apelantes.**

Por su parte, el 15 de agosto de 2024, el matrimonio Rodríguez-Rodríguez presentó su *Alegato en Oposición a Apelación*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El mecanismo de la *sentencia sumaria*, Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, le permite al tribunal disponer de un caso sin llevar a cabo una vista en su fondo. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). Dicho mecanismo procesal, es un remedio discrecional; el cual tiene como fin, la solución justa, rápida y económica de controversias, en que lo único por dirimir sean controversias de derecho. *Rodríguez Méndez et al. v. Laser Eye Surgery*, 195 DPR 769, 785 (2016).

Según el aludido precepto reglamentario, el promovente de la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. A su vez, el promovente deberá fundamentar su postura haciendo referencia con "*indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos*". Regla 36.3 (a)(4) de Procedimiento Civil, *supra.*

Por su parte, el promovido tiene que refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *León Torres v. Rivera Lebrón*, supra, pág. 44. Así pues, la parte deberá "*contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede*". Regla 36.3(c) de Procedimiento Civil, *supra*; *León Torres v. Rivera Lebrón, supra*, a la pág. 43. Así las cosas, la parte que se oponga a una solicitud de sentencia sumaria, no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. Regla 36.3(c) de Procedimiento Civil, *supra.*

Asimismo, al momento de resolver una moción de sentencia sumaria es necesario que el tribunal considere a fondo las alegaciones de la demanda y las defensas presentadas. Ello, con el fin de establecer si existe controversia en cuanto a los hechos materiales o no. Por lo que, de existir dicha controversia, el tribunal no deberá declarar ha lugar una petición de sentencia sumaria. Además, cualquier duda habrá de resolverla en contra de la parte promovente. *Ramos Pérez v. Univisión*, 178 DPR 200, 217 (2010).

El Tribunal Supremo de Puerto Rico ha reiterado que, como regla general, no procede la sentencia sumaria en casos donde estén en controversia "*elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa*". *Ramos Pérez v. Univisión, supra*, a la pág. 219. Tampoco procede emitir sentencia sumariamente cuando: (1) existan hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Vera Morales v. Bravo*, 161 DPR 308, 333-334 (2004).

Como al momento de revisar las solicitudes de sentencia sumaria, estamos en la misma posición que el foro primario; nuestra última instancia apelativa ha establecido que la revisión es será de *novo*, limitándose a solo considerar los documentos que se presentaron ante el TPI. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015). Por lo cual se descartan "*exhibiti[s], deposiciones o affidávit[s] que no fueron presentadas oportunamente en el foro de primera instancia*" o "*teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo*". *Meléndez González et al. v. M. Cuebas, supra*, a las págs. 114-115.

A tales efectos, este Tribunal de Apelaciones examinará el expediente de la manera más favorable hacia la parte que se opuso a la moción de sentencia sumaria en el foro primario. Además, revisaremos

que la moción de sentencia sumaria y su oposición, cumplieron con los requisitos de la Regla 36 de Procedimiento Civil, *supra.* Por último, evaluaremos si existían hechos materiales en controversia, los que, en caso de haberlos, habremos de cumplir con los criterios de la Regla 36.4 de Procedimiento Civil, *supra,* y procederemos a exponer concretamente cuáles hechos materiales se encontraron que estaban en controversia y cuáles estaban incontrovertidos. *Id.* Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí. *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 119.

**-B-**

En nuestra jurisdicción, nuestro más Alto Foro acogió la norma federal denominada "*sham affidavit doctrine*". *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414 (2013). En virtud de la referida doctrina, **un tribunal está impedido de considerar un testimonio reciente, suscrito por la parte adversa a la promovente de una solicitud de sentencia sumaria, cuando este resulta incompatible con una declaración bajo juramento emitida anteriormente, si la parte no ofrece una explicación adecuada para la nueva versión**. (Énfasis suplido). *Íd.*

El Tribunal Supremo ha reconocido dos modalidades de la doctrina del *sham affidavit*: por contradicción y por omisión. *Lugo Montalvo v. Sol Meliá Vacation Club,* 194 DPR 209, 221 (2015), citando a *SLG Zapata Berrios v. JF Montalvo, supra; Moll v. Telesector Resources Group, Inc.,* 760 F.3d 198, 205 (2nd Cir. 2014). La doctrina del *sham affidavit* por contradicción aplica cuando: (1) una parte ha sido examinada mediante preguntas precisas y libres de ambigüedad y ha respondido en detalle durante una deposición o ha prestado previamente una declaración clara e inequívoca bajo juramento; (2) al momento de oponerse a la solicitud de sentencia sumaria esa parte presenta una declaración posterior cuyo

contenido es claramente incompatible con la versión ofrecida; (3) la incompatibilidad entre las dos declaraciones resulta evidente, manifiesta o patente, y no se trata de meras discrepancias de poca transcendencia o errores de buena fe; (4) no se ofrece explicación adecuada para la nueva versión, y (5) la declaración posterior no responde al descubrimiento de nueva evidencia, la cual a pesar de una diligencia razonable, no pudo descubrirse o no estuvo disponible al momento en que se prestó la declaración previa incompatible. *Lugo Montalvo v. Sol Meliá Vacation Club*, *supra*, a las págs. 221-222.

En cambio, en la modalidad por omisión, el tribunal puede excluir de su consideración al revisar una oposición a la sumaria, una declaración jurada que incluye por primera vez hechos materiales y esenciales a la causa de acción que fueron omitidos en las respuestas de la declarante en una deposición previa. *SLG Zapata-Rivera v. J.F. Montalvo*, *supra.*

Por último, cabe destacar que, en *Lugo Montalvo v. Sol Meliá Vacation, supra*, a la pág. 224, nuestro más alto foro consideró el momento en que la declaración jurada fue preparada cuatro (4) días antes de presentar la oposición, como elemento indicativo adicional de que la declaración jurada fue elaborada con la intención de crear una controversia artificial.

-C-

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), regula la imposición de honorarios de abogado, estableciendo lo siguiente:

> En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. […]

Nuestra más alta Curia ha definido la temeridad como "*una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia*". *Fernández v. San Juan Cement Co. Inc.*, 118 DPR 713, 718 (1987). Se entiende que un litigante actúa con

temeridad cuando "*por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito*". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010).

La imposición de honorarios de abogado por temeridad busca establecer una penalidad al litigante perdidoso que instó un pleito frívolo y debido a ello fuerza a la otra parte a incurrir en gastos y trabajo innecesarios, o a la parte que extendió excesivamente un pleito ya incoado. Por consiguiente, ésta busca disuadir la litigación innecesaria. *ELA v. Ojo de Agua Development, Inc.*, 205 DPR 502 (2020).

El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de las de Procedimiento Civil, *supra*, tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla. *Íd.* No obstante, el Tribunal Supremo ha relevado del pago de honorarios de abogado a litigantes que pierden un pleito donde hubo controversias fácticas reales que requerían el examen de la prueba testifical y documental. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 DPR 351, 357-358 (1989).

La evaluación de si ha mediado o no temeridad recae sobre la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en que ese foro haya abusado de tal facultad. *S.L.G. Flores–Jiménez v. Colberg*, 173 DPR 843, 866 (2008). Los tribunales apelativos no deben intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción; que el foro recurrido actuó con prejuicio o parcialidad; que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la cuantía impuesta sea excesiva. *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005).

**III.**

En síntesis, los Apelantes arguyen que el foro primario erró al (1) dictar sentencia sumaria, ya que existían controversias de hechos materiales que impedían disponer sumariamente del pleito, y; (2) al imponerles el pago de honorarios de abogado, sin haber realizado una determinación de temeridad o frivolidad. En defensa del primer argumento, impugnan las siguientes determinaciones de hechos:

> 13. La parte demandada (parte vendedora) se obligó a otorgar la escritura de compraventa una vez las facilidades de acceso a las cuales solo les restaba ser asfaltadas fuera terminadas.
>
> 14. Las facilidades de accesos al solar no fueron asfaltadas hasta el año 2022.[1]

Particularmente, expresan que las declaraciones juradas presentadas mediante moción informativa, el 27 de marzo de 2024, lograron evidenciar que las facilidades de acceso al solar fueron asfaltadas en el 2006.

Por su parte, los Apelados sostienen que, ante el incumplimiento del matrimonio Dávila-Pizarro con la Regla 36.3 de Procedimiento Civil, *supra*, procedía que se dictara sentencia a su favor. Asimismo, expresan que, ante la evidencia admisible que el foro primario tuvo ante su consideración, luego de concluido el descubrimiento de prueba, procedía que se dictara sentencia sumaria a favor de la parte demandante-apelada. Por otro lado, el matrimonio Rodríguez-Rodríguez arguye que se entiende que, ante una imposición de honorarios de abogado, el foro primario realizó, implícitamente, una determinación de temeridad.

Tras una revisión *de novo* de la totalidad del expediente que obra ante nos, determinamos que no existen hechos materiales en controversia. Resulta menester destacar que, el *Recibo* firmado por las partes en el 2005 contenía la siguiente condición suspensiva:

> Mediante este documento que sustituye a la opción de compraventa otorgada en Guaynabo, Puerto Rico el día 12 de mayo de 2003 por las partes y a su vez obliga a la parte vendedora a otorgar la correspondiente escritura de

---

[1] Véase, Apéndice de la Parte Apelante, a la pág. 25 (*Sentencia*).

compraventa **una vez las facilidades de acceso[,] a las cuales solamente le falta ser asfaltada, sean terminadas**.[2]

(Énfasis suplido)

A su vez, mediante la contestación al primer pliego interrogatorio, el 22 de noviembre de 2022, el señor Dávila, bajo juramento, declaró que "*[l]as facilidades de acceso al solar fueron asfaltadas para el año 2022. No tenemos evidencia de ese trámite.*"[3] (Énfasis suplido). No obstante, el 27 de marzo de 2024, culminado el descubrimiento y un mes después de haber presentado la correspondiente oposición a la solicitud de sentencia sumaria, los Apelantes presentaron dos declaraciones juradas con la intención de enmendar lo previamente expresado por el señor Dávila. La nueva declaración jurada del señor Dávila, fechada el 20 de marzo de 2024, pretendía aclarar que "por error e inadvertencia" se señaló que las facilidades de acceso al solar fueron asfaltadas en el año 2022, cuando presuntamente lo fueron en el 2006.

Conforme a la jurisprudencia aquí discutida, la declaración del señor Dávila es un *sham affidavit* y, por ello, debía ser excluida. Para el momento en que se presentó, resulta evidente que: (1) el señor Dávila había prestado previamente bajo juramento una declaración clara e inequívoca en su contestación al interrogatorio; (2) luego de presentada la solicitud de sentencia sumaria y la correspondiente oposición, el matrimonio Dávila-Pizarro presentó la declaración jurada del señor Dávila, cuyo contenido es incompatible con la expresión anterior; (3) dicha incompatibilidad entre ambas es evidente, dado que la declaración posterior intentó poner en duda las expresiones admitidas en el primer pliego interrogatorio; (4) las explicaciones contenidas en la declaración no son adecuadas, y; (5) la declaración posterior no respondió a descubrimiento de nueva evidencia que no pudo descubrirse previamente, puesto que el señor Dávila pudo haber corregido sus

---

[2] Véase, Apéndice de la Parte Apelada, a la pág. 63 (*Recibo*).
[3] Véase, Apéndice de la Parte Apelada, a la pág. 3 (*Contestación a Primer Pliego de Interrogatorio*).

expresiones en cualquier momento y la declaración jurada del supervisor de los trabajos pudo haber sido presentada con anterioridad. Como corolario, resulta forzoso concluir que no erró el foro primario al excluir las declaraciones juradas presentadas el 27 de marzo de 2024, y resolver basado en la prueba admisible ante su consideración.

Por otro lado, los Apelantes arguyen que no procedía la imposición de honorarios de abogado, toda vez que el TPI no realizó una determinación de temeridad. A tenor con el derecho expuesto, un tribunal no está obligado a realizar una determinación expresa de temeridad para imponer el pago de honorarios de abogado. Si impone dicho pago, se entiende que hizo, de forma implícita, una determinación de temeridad. Por tanto, no le asiste la razón al matrimonio Dávila-Pizarro en cuanto a que el foro primario abusó de su discreción al imponerles el pago de honorarios de abogado, sin exponer en la sentencia el análisis que llevó a cabo para determinar que fueron temerarios, pues ello no es base para invalidar una determinación de temeridad.

Sabido es que la determinación de temeridad no variará a menos que sea excesiva, exigua o constituya un abuso de discreción. *P.R. Oil Company v. Dayco*, *supra*, a la pág. 511. En el caso de marras, no encontramos indicios de abuso de discreción en la imposición de temeridad, ni que la suma haya sido excesiva.

**IV.**

Por los fundamentos antes expuestos, se *Confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones