16-2806-pr
*Harnage v. Brighthaupt*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand eighteen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

_____

JAMES A. HARNAGE,

            *Plaintiff-Appellant,*

            v.                                                      16-2806-pr

BRIGHTHAUPT, Warden, sued in an individual and official capacity, POWERS, Deputy Warden, sued in an individual and official capacity, DAVIS, Deputy Warden, sued in an individual and official capacity, MOLLIN, Lieutenant, sued in an individual and official capacity, JOHNSON, Captain, sued in an individual and official capacity, WATSON, Captain, sued in an individual and official capacity, DANYA BAKER, Captain, sued in an individual and official capacity, BRYAN VIGARS, Captain, sued in an individual and official capacity, JOHN J. BERNARD, Lieutenant, sued in an individual and official capacity, BOUFARD, Counselor Supervisor, sued in an individual and official capacity, JOHNSON, Disciplinary Coordinator, sued in an individual and official capacity, SANTOPRIETRO, C.O., sued in an individual and

1

official capacity, HOGAN, C.O., sued in an individual and official capacity, FARACI, C.O., sued in an individual and official capacity, CHRISTIAELLO, C.O., sued in an individual and official capacity, ROBERT DICOSMO, C.O., sued in an individual and official capacity, WRIGHT, Lieutenant, sued in an individual and official capacity, GONCALVEZ, C.O., sued in an individual and official capacity, TARDIFF, C.O., sued in an individual and official capacity, ST. PIERRE, C.O., sued in an individual and official capacity, MULLIGAN, C.O., sued in an individual and official capacity,

*Defendants-Appellees.*[*]

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | James A. Harnage, *pro se*, Suffield, CT. |
| **FOR DEFENDANTS-APPELLEES:** | Robert S. Dearington, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 11, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant James A. Harnage, an inmate at the MacDougall-Walker Correctional Institution proceeding *pro se*, appeals from an August 11, 2016 judgment of the District Court in favor of defendants-appellees. Harnage brought sixteen counts containing fifty-five separate claims against the twenty-one defendants-appellees under 42 U.S.C. § 1983, alleging, *inter alia*, First Amendment retaliation, unreasonable searches and seizures, and violations of his equal protection and substantive due process rights.

The District Court dismissed several of the claims in its initial review order pursuant to 28 U.S.C. § 1915A. The District Court then granted defendants-appellees' motion to dismiss numerous other claims. The remaining claims were separated into three groups. The District Court granted summary judgment to defendants-appellees on some of the remaining claims, and judgment as a

---

[*] The Clerk of Court is directed to amend the caption as shown above.

matter of law on others. A jury ultimately returned a verdict in favor of defendants-appellees on the balance.

On appeal, Harnage argues, *inter alia*, that the District Court improperly dismissed his claims, that it improperly granted defendants-appellees' motion to dismiss, that it improperly granted summary judgment to defendants-appellees, and that it abused its discretion in its discovery rulings, in bifurcating the claims, in denying his motion for appointment of counsel, and in denying his motion for recusal. Harnage further contends that the District Court erred in several of its trial rulings. Upon review, we conclude that these arguments are without merit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

We review *de novo* a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6) and Section 1915A, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (dismissal under Rule 12(b)(6)); *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (dismissal under 28 U.S.C. § 1915A). We also review *de novo* the award of summary judgment, "constru[ing] the evidence in the light most favorable to the [non-moving party]" and "drawing all reasonable inferences and resolving all ambiguities in [its] favor." *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017) (internal quotation marks omitted). We review discovery rulings, denials of motions to appoint counsel, denials of motions for recusal, and bifurcation decisions for abuse of discretion. *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) (discovery rulings); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 200 (2d Cir. 2003) (appointment of counsel); *Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 937 (2d Cir. 1998) (recusal motions); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) (bifurcation decisions).

*Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

\*     \*     \*

We affirm the District Court's dismissal and summary judgment rulings principally for the reasons stated by the District Court.

We also conclude that the District Court did not abuse its discretion in its denials of the motions for appointment of counsel and recusal, in its discovery rulings, or in its decision to split the claims into three groups for review.

Finally, Harnage raises trial-based arguments, but fails to provide trial transcripts. *See* Fed. R. App. P. 10(b)(1). Harnage was warned that he must "order transcripts at his own expense or . . .

3

proceed[ ] on only non-transcript based claims." *See* Order, Case No. 16-2806, Dkt. No. 48 (2d Cir. Mar. 8, 2017). Accordingly, we reject the trial-based challenges because Harnage has not provided any record support for his claims of error. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

## CONCLUSION

We have reviewed all of the arguments raised by Harnage on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 11, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4